UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LUKE LUGO,                             )<br>         Plaintiff,                         )<br>                                             )<br>v.                                           )         Civil No. 17-10770-GAO<br>                                             )<br>UNITED STATES OF AMERICA,  )<br>         Defendant.                      ) | |

MEMORANDUM AND ORDER

July 19, 2017

O'TOOLE, D.J.

      For the reasons set forth below, the Court (1) denies without prejudice plaintiff's motions for temporary restraining order and preliminary injunction; (2) denies without prejudice plaintiff's motion for video recording; and (3) grants plaintiff thirty-five days to file an amended complaint and either pay the filing fee or file an Application to Proceed in District Court Without Prepaying Fees or Costs.

I.      BACKGROUND

      On April 25, 2017, plaintiff Luke Lugo ("Lugo"), a prisoner in custody at the Middlesex County House of Correction, filed several handwritten documents. *See* Docket. The Clerk of this Court filed these documents as a complaint and a motion for temporary restraining order. *See* Docket Nos. 1, 2.

      On May 11, 2017, Lugo filed a complaint (Docket No. 5), motion for preliminary injunction (Docket No. 7), and motion for video "recordings" (Docket No. 6). Each document is one page. Lugo has printed his name and identification number at the top of each of these documents. None of the documents has a case caption, and they are not signed or dated by Lugo. Lugo has not identified any defendants, and it is not clear what legal claims he seeks to assert.

The fees for filing a civil action are the $350.00 filing fee and the $50.00 administrative fee.  *See* 28 U.S.C. § 1914(a) ($350.00 filing fee for all non-habeas civil actions).  An indigent litigant may request leave to proceed without prepayment of the filing fee.  *See* 28 U.S.C. § 1915 (proceedings *in forma pauperis*).  Where, as here, the plaintiff is a prisoner, a motion for waiver of prepayment of the filing fee must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C. § 1915(a)(2).[1]

Here, Lugo failed to pay the filing fee or to seek a waiver thereof.  Therefore, he will be granted additional time either to (1) pay the $400.00 filing and administrative fees; or (2) file an application to proceed *in forma pauperis* accompanied by a certified prison account statement.

In addition to addressing the fee issue, Lugo is granted additional time to file a complaint that conforms with the pleading requirements of the Federal Rules of Civil Procedure.  Any complaint must identify the defendants and the specific relief sought.  *See* Fed. R. Civ. P 8(a).  In addition to complying with Rule 8(a), a complaint should also comply with Fed. R. Civ. P. 8(d)(1)("Each allegation must be simple, concise, and direct.").  Further, under the Federal Rules of Civil Procedure, a complaint "must name all the parties," Fed. R. Civ. P. 10(a), and the claims should be set forth "in numbered paragraphs, each limited as far as practicable to a single set of

---

[1] Unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the filing fee, notwithstanding the grant of *in forma pauperis* status.  Based on the information contained in the prison account statement, the Court will direct the appropriate prison official to withdraw an initial partial payment from the plaintiff's account, followed by payments on a monthly basis until the entire $350.00 filing fee is paid in full.  *See* 28 U.S.C. § 1915(b)(1)-(2).  Even if the action is dismissed upon a preliminary screening, *see* 28 U.S.C. §§ 1915(e)(2), 1915A, the plaintiff remains obligated to pay the filing fee, *see McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997) (§ 1915(b)(1) compels the payment of the fee at the moment the complaint is filed).

circumstances," Fed. R. Civ. P. 10(b).  The plaintiff must sign a complaint.  *See* Fed. R. Civ. P. 11(a).

In order to facilitate the filing of an complaint, the court suggests, but does not require, Lugo to use the national federal court form complaint for violation of civil rights (prisoner) (Pro Se 14).

Acciordingly,

1. Plaintiff's Motions for Temporary Restraining Order and for Preliminary Injunction are DENIED without prejudice.

2. If plaintiff wishes to pursue this action, he shall, within thirty-five (35) days of the date of this Memorandum and Order, file a complaint that conforms with the pleading requirements of the Federal Rules of Civil Procedure.  The Clerk shall provide plaintiff with the national federal court form complaint for violation of civil rights (prisoner).

3. Within 35 days of this Memorandum and Order, plaintiff either shall (1) pay the $400.00 filing and administrative fees; or (2) file an application to proceed *in forma pauperis* accompanied by a certified prison account statement.  Failure of the plaintiff to comply with this directive may result in the dismissal of this action.  The Clerk shall provide plaintiff with an Application to Proceed in District Court Without Prepaying Fees or Costs.

4. The Clerk shall send a copy of this Memorandum and Order to the Treasurer's Office at the prison facility in which plaintiff is incarcerated, in order to facilitate any request by the plaintiff for his certified prison account statement.  The Court requests that the Treasurer's Office include in any prison account statement the plaintiff's average monthly deposits for the six-month period preceding April 25, 2017, as well as the average monthly balance for that same period.

5.  Failure of the plaintiff to comply with these directives may result in the dismissal of this action.

>SO ORDERED.
>
>___/s/ George A. O'Toole, Jr.
>GEORGE A. O"TOOLE, JR.
>United States District Judge