UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LUKE LUGO,<br>      Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>      Defendant. | Civil No. 17-10770-GAO |

ORDER

December 28, 2017

O'TOOLE, D.J.

On April 25, 2017, plaintiff Luke Lugo ("Lugo"), a prisoner in custody at the Middlesex County House of Correction, filed several handwritten documents. *See* Docket. The Clerk of this Court filed these documents as a complaint and a motion for temporary restraining order. *See* Docket Nos. 1, 2. Lugo subsequently filed a complaint (Docket No. 5), motion for preliminary injunction (Docket No. 7), and motion for video "recordings" (Docket No. 6). By Memorandum and Order (Docket No. 9) dated July 19, 2017, the motions were denied and plaintiff was granted thirty-five days to file an amended complaint and either pay the filing fee or file a motion for leave to proceed in forma pauperis. The Order advised plaintiff that failure to comply with these directives may result in the dismissal of this action.

One week later, on July 27, 2017, plaintiff filed a handwritten document simply stating "In pursuit to Rule 34 production & release of information" and "Demand Jurys." This filing is not responsive to the Court's Memorandum and Order. Plaintiff did not file an amended complaint or file a motion for leave to proceed in forma pauperis.

It is a long-established principle that this Court has the authority to dismiss an action *sua sponte* for a plaintiff's failure to prosecute his action and his failure to follow the Court's orders.

Fed. R. Civ. P. 41(b); D. Mass. L.R. 41.1(b). "The authority of a federal trial court to dismiss a plaintiff's action ... because of his failure to prosecute cannot seriously be doubted," and "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962). While the court exercises this authority with caution, dismissal is appropriate in the case at hand. Without plaintiff filing a complaint, the court cannot effect the advancement of the case.

Accordingly, plaintiff's failure to comply with the court's Order, this action is DISMISSED WITHOUT PREJUDICE. The Clerk shall enter a separate order of dismissal.

SO ORDERED.

/s/ George A. O'Toole,
GEORGE A. O'TOOLE, JR.
United States District Judge